907 F.2d 1137
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David L. FOSTER, by his Guardian, Elizabeth L. FOSTER,
Plaintiff-Appellant,
v.
UNITED STATES FIRE INSURANCE COMPANY, Defendant-Appellee.
 No. 89-2447.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 7, 1990.
Decided June 5, 1990.
Rehearing and Rehearing In Banc Denied June 28, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Danville. Jackson L. Kiser, District Judge. (CA-88-84-D)
 Fred Dempsey Smith, Jr., Richmond, Va., for appellant.
 Frank O. Meade, Danville, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before PHILLIPS and WILKINS, Circuit Judges, and HIRAM H. WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Appellant Elizabeth Foster, guardian of David Foster, appeals the district court's denial of her request for declaratory relief. Appellant sought a declaratory judgment that the terms of an umbrella policy issued by United States Fire Insurance Company ("USFIC") to William Collins, Jr. provided coverage for Collins Funeral Home, thus making USFIC liable for a portion of a judgment against the funeral home arising from an accident in which appellant's son was injured. The district court held that the funeral home was not an "insured" under the policy, thus relieving USFIC of any liability for the judgment against the funeral home. We affirm.
 
 I.
 
 2
 On April 26, 1984, David Foster, while riding as a passenger in a van owned by Collins Funeral Home, Inc., and operated by David Clark, a funeral home employee, suffered serious injuries as a result of a single vehicle accident which occurred when Clark lost control of the van. Foster sued the funeral home, Clark, and William Collins, owner of the funeral home, in the Circuit Court of Henry County, Virginia. The trial court dismissed the action against Collins, and Foster took a voluntary dismissal as to Clark. On January 2, 1987, a jury returned a verdict against the funeral home for $750,000. On February 15, 1987, the circuit court entered judgment against the funeral home in the amount of the jury award, plus interest and costs.
 
 
 3
 United States Fidelity and Guaranty Company ("USF & G") issued a policy to Collins Funeral Home in May of 1983 which provided $300,000 in single limit bodily injury coverage to the funeral home and its employees. USF & G has paid $300,000 of Foster's $750,000 judgment against the funeral home.
 
 
 4
 Foster argued that the accident was also covered under a one million dollar umbrella policy issued to William and Susan Collins by appellee USFIC. Foster contended that Collins Funeral Home qualified as an "insured" under the USFIC policy, which defined "insured" as follows:
 
 The unqualified word insured includes:
 
 5
 (a) the named insured;
 
 
 6
 (b) any relative if a resident in the same household as the named insured;
 
 
 7
 (c) any other person under the age of 21 in the care of the insured; and
 
 
 8
 (d) to the extent that underlying insurance provides coverage, to any other person or organization included as an insured in any underlying policy listed in the Schedule of Underlying Insurance attached to this policy.
 
 
 9
 Joint Appendix at 11. Foster maintained that the funeral home qualified as an "insured" under subsection (d) above even though its USF & G policy, which provided coverage for the home and its vehicles, was not listed in the Schedule of Underlying Insurance. Rather, argued Foster, the funeral home was an "insured" under (d) since it was an "insured" on another policy, albeit one that did not cover the funeral home vehicles, that was listed in the schedule.
 
 
 10
 The USFIC umbrella policy listed three underlying policies in the Schedule of Underlying Insurance: (1) a homeowner's policy issued to William and Susan Collins by USF & G; (2) an owner/landlord policy issued to William Collins and Albert and Carol Prillaman to cover jointly-owned rental property; and (3) an automobile policy issued by Pennsylvania National Mutual Casualty Insurance Company ("Penn National") covering the use of certain funeral home vehicles. USFIC conceded that the funeral home was a named insured on the Penn National policy and both parties agreed that under subsection (d) the funeral home met the test of "any other person or organization included as an insured in any underlying policy listed in the Schedule of Underlying Insurance attached to this policy."
 
 
 11
 However, the district court determined that the definition of an "insured" in the umbrella policy was further restricted by the phrase "to the extent that underlying insurance affords coverage." Though the parties contested the meaning of this phrase, both agreed that the Penn National policy listed in the Schedule of Underlying Insurance did not cover the funeral home van or the accident which injured Foster. Foster argued that since the funeral home was covered for the accident that injured him under another unlisted policy (the USF & G policy), the umbrella policy must also cover the accident because the funeral home was an insured in a policy (Penn National) that was listed in the schedule, even though the Penn National policy did not provide coverage for the accident.
 
 
 12
 The district court succinctly summarized Foster's position:
 
 
 13
 In other words, [Foster] wishes to construe the phrase "to the extent that underlying insurance provides coverage" in subpart (d) to mean that, to the extent any insurance provides coverage for an accident, anyone who qualifies as an insured in any listed underlying policy is covered under the umbrella policy even though the listed policy under which the person qualifies as an insured does not cover the accident.
 
 
 14
 Foster v. United States Fire Ins. Co., No. CA-88-84-D, slip op. at 4 (W.D.Va. Apr. 21, 1989). The district court, however, held that the phrase "underlying insurance" meant underlying listed insurance. Thus, the umbrella policy did not cover the funeral home accident since the funeral home's USF & G policy, which covered the accident, was not listed as underlying insurance in the umbrella policy. The district court also rejected Foster's alternative contention that the funeral home was covered under the business pursuits clause and the exclusions section of the umbrella policy. This appeal followed.
 
 II.
 
 15
 On appeal, Foster argues that the district court erred in finding that the unqualified phrase "underlying insurance" denotes only underlying listed insurance. Foster contends that when the phrase "underlying insurance" is construed and interpreted consistently throughout the umbrella policy, the phrase must include both listed and unlisted policies. Thus, maintains Foster, the funeral home is the named insured in the underlying policy listed in the schedule (the Penn National policy), is provided coverage by underlying insurance (the USF & G policy), and is therefore entitled to the excess coverage provided by USFIC's umbrella policy.
 
 
 16
 In addition to these standard rules of contract interpretation, Foster also relies on the oft-cited principle that ambiguous language in an insurance policy should be construed against the insurer and in favor of the insured. Foster contends that USFIC should have inserted the word "listed" before the word "insurance" in subpart (d) or should have specifically excluded coverage under unlisted policies; however, since the company failed to do so, the ambiguity should be construed against USFIC.
 
 
 17
 It is well settled that an appellate court's role in reviewing factual findings of a district court is limited. "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, then we cannot reverse. Likewise ... no clear error [exists] if there are two permissible views of the evidence, and the district court as factfinder chooses one over the other." Davis v. Food Lion, 792 F.2d 1274, 1277 (4th Cir.1986) (citation omitted). In the instant case, the district judge found that "the unmodified phrase 'underlying insurance' means 'underlying listed insurance.' ... [T]he language of subpart (d) is straightforward and unambiguous." Foster v. United States Fire Ins. Co., supra, slip op. at 6. We hold that the district judge's finding regarding the ambiguity of the policy is not clearly erroneous. Accordingly, we affirm his ruling that the funeral home accident was not covered by the umbrella policy since the funeral home's USF & G policy was not listed as underlying insurance in the umbrella policy.
 
 
 18
 We also agree with the district judge that a precondition for coverage under the business pursuits clause or the exclusions section, Foster's alternative argument, is that one must meet the definition of "insured." Because the incorporated funeral home does not qualify as an "insured" for coverage of the van accident under the personal umbrella policy of Mr. and Mrs. Collins, the trial court correctly held that the business pursuits clause and exclusions section are inapplicable. Accordingly, the judgment of the district court is
 
 
 19
 AFFIRMED.